VICTOR P. TAYLOR and GRACE E. TAYLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 354-72.
United States Tax Court
T.C. Memo 1973-235; 1973 Tax Ct. Memo LEXIS 55; 32 T.C.M. (CCH) 1100; T.C.M. (RIA) 73235; October 23, 1973, Filed *55 Petitioner owned two buildings that were connected by a breezeway. One building was utilized by petitioner in a small business while the other building was utilized as a residence. Both buildings were completely destroyed by fire in 1967. Petitioner deducted $50,167 as the loss resulting from destruction of the contents of the two buildings. Respondent allowed a $25,553 loss deduction for the contents of the buildings. Held, petitioner has failed to prove that he is entitled to any loss deduction in excess of that allowed by resondent. Sec. 165(c), I.R.C. of 1954. Victor P. Taylor, pro se. David P. Smith, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1968 and 1969 in the amounts 2 of $1,033.73 and $745.00, respectively. Several issues have been settled by the parties. The only remaining issue is whether, under section 165, [1] petitioner is entitled to a 1967 casualty loss in the amount of $39,167, as contended by petitioner, or in the amount of $14,453, as determined by respondent. FINDINGS OF *57 FACT Victor P. Taylor (hereinafter referred to as petitioner) and Grace E. Taylor are husband and wife who were legal residents of Beaver Falls, Pennsylvania, when the petition was filed.Federal income tax returns for the years 1964 through 1969 were filed with the district director of internal revenue in Pittsburgh, Pennsylvania. Petitioner owned a house located in the City of Beaver Falls which was utilized by petitioner and his family as his primary residence. Petitioner also owned a house located outside the City of Beaver Falls. It consisted of a residence and another building connected by a breezeway. The latter building was used by petitioner in the conduct of a home improvement business called the Taylor Aluminum Company. During the years in issue, petitioner was a school teacher in Beaver Falls. 3 In 1967, the house located outside of Beaver Falls was completely destroyed by fire. Petitioner recovered $57,000 from insurance on the property that burned. Of this amount, $16,000 was applicable to the contents of the house and $2,000 to the contents of the business. The remainder was applicable to the building. On the 1967 joint Federal income tax return, petitioner *58 claimed a deduction for casualty loss of $39,167 determined as follows: Home
$46,000
Business
16,000
Furnishings
34,167
Total loss
96,167
Covered by insurance
57,000
Total loss
$39,167
The Commissioner computed the casualty loss to be $14,453, determined as follows: Value of home before fire per return 12/31/67
$46,000
Value of home after fire
-0-
Loss on home
$46,000
Combined loss on contents of home and business
25,553
Total
$71,553
Less: Insurance recovery
57,000
Loss not covered by insurance
$14,553
Limitation Code §165(c) (3)
(100)
Casualty loss allowed 12/31/67
$14,453
OPINION The issue for decision is whether petitioner is entitled to a casualty loss for the contents of the house and the business 4 under section 165[2] in any amount greater than that allowed by respondent. Under section 165(c), casualty losses are deductible for the year in which sustained. Section 1.165-7(b) (1) (i), Income Tax Regs., provides rules for determining the amount deductible with respect to such losses as follows: 5 (b) Amount deductible. - (1) General rule. - In the case of any casualty loss whether or not incurred in *59 a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for the purposes of section 165(a) shall be the lesser of either - (i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis prescribed in § 1.1011-1 for determining the loss from the sale or other disposition of the property involved. However, if property used in a trade or business or held for the production of income is totally destroyed by casualty, and if the fair market value of such property immediately before the casulalty is less than the adjusted basis of such property, the amount of the adjusted basis of such property shall be treated as the amount of the loss for purposes of section 165(a). *60 The determination of the Commissioner has a presumption of correctness and petitioner has the burden of proving it wrong. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner has failed to establish that he is entitled to a casualty loss deduction for the contents of the business and house in any amount greater than allowed by the respondent. The Commissioner allowed $25,553 to petitioner for the contents of the buildings destroyed by fire. At the trial, petitioner introduced a list of items which purportedly were stored in the building used for his business that were destroyed by the fire. The list, however, is vague, disorderly and confusing. Also, the list totals do not correspond to the figures petitioner deducted as his loss on the contents of the business building on 6 the 1967 income tax return. Furthermore, petitioner has presented no evidence as to the values he assigned to each item on the list. The list offers no evidence from which the adjusted basis or the value of the assets immediately before the casualty can be determined for purposes of applying section 1.165-7(b) (1) (i), Income Tax Regs. See I. Hal Millsap, Jr., 46 T.C. 751, *61 affd. without discussion of this issue 387 F.2d 420 (C.A.8, 1968). Similarly, with regard to the contents of the residence, petitioner presented no evidence with regard to their fair market values or basis before the fire. Petitioner has failed to prove that he lost anything of value in excess of that allowed by the Commissioner. We hold for the respondent. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise indicated. ↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return. ↩